Lawrence M. Meadows, Plaintiff
1900 Sunset Harbour Dr., #2112
Miami Beach, FL 33139
Phone: 516-982-7718
lawrencemeadows@yahoo.com



FILED BY____MC____D.C.

OCT - 3 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# IN THE UNITED STATES DISTRICT COURT

## FLORIDA SOUTHERN DISTRICT

| | |
|---|---|
| **LAWRENCE M. MEADOWS,**<br><br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>a Delaware Corporation,<br>Defendant. | **PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION STAYING DISCOVERY PENDING A RULING ON THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br><br><br>**Case No: 1:24-cv-20518-DPG**<br><br>**Honorable Judge Darrin. P. Gayles** |

## PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION STAYING DISCOVERY PENDING A RULING ON THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Lawrence M. Meadows ("Meadows") hereby files his Objections to the Report and Recommendation Staying Discovery Pending a Ruling on the Motion to Dismiss Plaintiff's First Amended Complaint.   The Report and Recommendation fails to provide a reasoned explanation for its conclusions and does not address Meadows' arguments.   The district court must therefore conduct a *de novo* review of Defendant American Airlines, Inc.'s ("American") Motion to Stay.

## I.     Procedural Background

Meadows filed his initial complaint on February 2, 2023.  (Doc 1).  On May 9, 2024, the Court directed Meadows to perfect service on American Airlines by May 14, 2024.  (Doc 12)  Meadows filed an executed summons on May 10, 2024. (Doc 13).  American sought and received an extension to file its answer until June 5, 2024.  (Doc 17, 18).  On the deadline, American filed its original Motion to Dismiss.  (Doc 24).  Although he had fourteen (14) days to file a response to the Motion, on June 14, 2024, Meadows sought a thirty-day extension so that he could secure legal representation.  (Doc 29).  Meadows filed his response on July 19, 2024.  (Doc 34).  Meadows simultaneously filed a Motion to Amend his Complaint.  (Doc 35).  American Airlines improperly sought dismissal of Meadow's Motion to Amend.  (Doc 47).   Magistrate Judge Goodman ultimately granted Meadow's Motion to Amend, and Meadow's filed his First Amended Complaint on August 23, 2024.  (Doc 59, 67).  On August 23, 2024, American Airlines filed its Motion to Dismiss the Amended Complaint and its Motion to Stay Discovery.  On September 5, 2024, Meadows filed his responses to both motions, before the respective deadlines.  (Doc 75, 76). Judge Goodman, on September 23, 2024, entered his Report and Recommendation recommending that American Airlines' Motion to Stay Discovery be granted.  (Doc 86).

## II.     Standard of Review

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).  Those portions of the report and recommendation to which objections are made are accorded *de novo* review.  *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3).  Any portions of the report and recommendation to which no specific objections are made are reviewed for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

A magistrate's report and recommendation must set forth a rational analysis of the issues before it and the parties' respective arguments. *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2022 U.S. Dist. LEXIS 10095, at *10-11; 2022 WL 153183 (S.D.N.Y. Jan. 18, 2022) (rejecting report and recommendation where analysis left the court to "speculate" on the basis for the decision); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 486 (N.D. Cal. 2014) (reviewing magistrate judge's ruling on discovery matter *de novo* where magistrate judge's decision "provides no discussion of the rationale for ordering disclosure"); *Hirsch v. Zavaras*, 920 F. Supp. 148, 150 (D. Colo. 1996) ("[W]here the magistrate judge has ruled without any discussion of his rationale, 'such a bare conclusion is beyond meaningful judicial review.'" (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996))); *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995) (holding that "it is incumbent on the Court to check the adopted findings against the record" with "painstaking[] care" where the magistrate judge's decision "does not offer a reasoned explanation . . . and merely adopts one party's arguments in [its] entirety" (cleaned up)).

### III.   Objections to the Report and Recommendation

Judge Goodman's Report and Recommendation to fails to adequately analyze 1) the merits of American's Motion to Dismiss and 2) the alleged burdens associated with Meadows' discovery requests.    To resolve a motion to stay, a reviewing court must take a "preliminary peek" at any pending motion to dismiss and determine if it is "clearly meritorious." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021).  The reviewing court must also find that the sought discovery would be "prejudicial" rather than merely inconvenient. *United States ex rel. Mosley v. Walgreen Co.*, No. 18-cv-80200-BLOOM/Torres, 2024 U.S. Dist. LEXIS 72426, at *9, 2024 WL 1717322 (S.D. Fla. Apr. 18, 2024).  "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No.

3

12-61528-Civ-SCOLA, 2012 U.S. Dist. LEXIS 160948, at *4, 2012 WL 5471793 (S.D. Fla. Nov. 9, 2012).

A.     **The Report and Recommendation Failed to Analyze the Merits of the Motion to Dismiss**

The Report and Recommendation's review of the merits of American's Motion to Dismiss consists of conclusory statements taken largely from American's own briefs. It states that "American's arguments are compelling," that "the motion appears meritorious," and that American's asserted grounds for dismissal of the action "all appear to have substantial merit." At no point does Judge Goodman explain why he believes American's Motion to dismiss will prevail. The reader is asked to accept Judge Goodman's diligence and determination on pure faith. More crucially, the Report and Recommendation does not contain a single reference to Meadow's arguments, set forth in both his opposition to the Motion to Stay and to the Motion to Dismiss. Meadows briefly reiterates his submissions regarding the merits of the present suit.

First, American argues Meadows claims should be barred by judicial estoppel because he made claims that the company improperly "terminated" him. However, both the bankruptcy court and American counsel acknowledged in prior proceedings that Meadows had preserved claims related to his actual employment status and affirmative right to reinstatement upon this medical requalification. Moreover, through the date of this submission, the American has treated Meadows as current employee with respect to pay and benefit entitlements. Notably, American does not address these facts despite their prior disclosure during the Defendant's unsuccessful effort to stay discovery via a non-standard scheduling order.

Second, American asserts collateral estoppel based on references in a 2016 bankruptcy decision to Meadows' termination. However, as recently as 2022, in a case cited by American, the Southern District of New York referenced American counsel's continuing acknowledgement

4

of Meadows' contractual claims to reinstatement. *In re AMR Corp.*, 2022 WL 1556398, (S.D.N.Y., May 16, 2022), *aff'd* 2023 WL 2770228 (2d Cir., April 4, 2023).

Third, American argues that the Southern District of New York Bankruptcy Court issued an order enjoining him from pursuing his claims for reinstatement. However, Bankruptcy Judge Lane issued the order at a time when Meadows was not medically qualified to return to his position. Not only does the doctrine of "changed circumstances" render the injunction inapplicable, but Judge Lane specified that his injunction would not apply to a post-commencement claim for reinstatement following FAA medical requalification. Here again, despite the prior articulation of these facts during American's failed attempted to obtain a non-standard scheduling order, the Defendant has made no attempt to address the argument in its motion to dismiss.

Fourth, American asserts that Meadows' claims are time barred based on the contention that they accrued in October 2011. However, as recognized by Judge Lane and relevant precedent, any claim by a former MDD pilot seeking reinstatement does not accrue until the pilot has successfully obtained FAA medical requalification. *See Preitz v. Allied Pilots Ass'n,* 2023 U.S. Dist. LEXIS 32709, at *52, 2023 WL 2267212 (E.D. Pa. Feb. 28, 2023) (no duty of fair representation claim against union accrued until MDD pilot regained his medical qualification).

Fifth, American asserts a Railway Labor Act, 45 U.S.C. § 151 *et seq.,* preemption argument based on Plaintiff's supposed objective of having the Court resolve disputes over the proper interpretation of the collective bargaining agreement. However, Plaintiff's primary purpose in bringing the continuing grievance process to the Court's attention is to reinforce the undisputed fact that he engaged in the protected activity of fighting against disability discrimination, *inter alia,* through the grievance process and, thereafter, became the sole medically qualified MDD pilot who was not offered reinstatement. *See, e.g., Batuyong v. Gates,* 337 F. App'x 451, 456 (6th Cir.

2009) (grievances can be Title VII protected activity if they are related to employment discrimination) (citing *Kodl v. Bd. of Educ.*, 490 F.3d 558, 563 (7ᵗʰ Cir. 2007)).

None of the above arguments are identified in the Report and Recommendation, let alone analyzed. It is impossible to determine why Judge Goodman believes American's Motion to Dismiss appears "meritorious." It is also impossible to determine whether Judge Goodman correctly applied the "clearly meritorious" standard applicable to motions to stay. The reviewing district must therefore conduct its own review of the underlying merits of American's Motion to Dismiss and may only impose a discovery stay if American's Motion appears "clearly meritorious." *See, e.g., Peters' Bakery*, 301 F.R.D. at 486.

Oddly enough, the Judge Goodman's Report and Recommendations, dated September 23, 2024, takes place in the context of an ongoing court-initiated discovery process. On September 20, 2024, Judge Goodman issued a Post-Discovery Hearing Administrative Order pursuant to which he ordered the Defendant to produce Plaintiff's W-2 and W-4 statements for the last five years. In addition, he ordered the Defendant to provide answers to a series of questions, by September 27, 2024, including:

- "Does Plaintiff, in fact, receive a full active pilot benefits package?"

- "If so, then does he receive that as an employee or as a consequence of receiving disability benefits?"

- "Does Plaintiff's receipt of W-2 statements mean that he is an employee?"

(Doc. 85 at 2).

The order demanding both documents, as well as answers to the above, questions reflects the Court's uncertainty with respect to the core issue of Plaintiff's employment status. Nevertheless, Judge Goodman issued his Report and Recommendations *prior to* receiving Defendant's answers or Plaintiff's response, which is not due to October 4, 2024.

The Magistrate's order also arguably reflects an irregular conversion of the Plaintiff's Motion to Dismiss into a summary judgment motion. The First Amended Verified Complaint starkly alleges that the Plaintiff's current employee status is established that he is currently receiving disability benefits pursuant to the terms of a collective bargaining agreement and Pilot LTD Plan the entitlement to which is conditioned by the individual's status as "Active Pilot Employee." (Doc. 67 at ¶¶ 41-49). Plaintiff's employee status if further corroborated by his receipt of corresponding W-2's reflecting these payments. *Id.*

Plaintiff respectfully submits that Judge Goodman's determination to engage in such court-initiated discovery and allow the Defendant an opportunity to refute complaint allegations that should be taken as true (and are true) is in derogation of the standard of review for a motion to dismiss, which requires the Court to accept all allegations as true. Judge Goodman's determination that such information is central to the case also reflects that his motion to stay was premature and ill-founded.

**B.      The Report and Recommendation Incorrectly Analyzed the Burdens of Discovery**

The Report and Recommendation notes that Meadows has sought to take three "apex-type" depositions of American executives and that there "[t]here would undoubtedly be additional litigation over efforts to take the depositions . . . ." It proceeds to find that "[a] temporary stay of discovery will not unduly prejudice Meadows because the case is in its early stages and because Meadows himself has delayed the prosecution of this case after he filed it."

American must carry the burden of proving the propriety of its requested stay. *See Ray v. Spirit Airlines, Inc.,* 2012 U.S. Dist. LEXIS 160948, at *4; 2012 WL 5471793 (S.D. Fla. Nov. 9, 2012). Without citing legal authority, the Report and Recommendation manifestly reverses the burden, requiring Meadows to establish that he would not be unduly prejudiced by the stay. That legal error alone also requires the reviewing court to reject Judge Goodman's conclusions. The

Report and Recommendation additionally cites Meadows' adherence to case deadlines and court directives as a basis for finding that he would not be prejudiced by a stay. A court must give the parties fair warning if it intends to draw adverse inferences based on whether a filing was submitted on a deadline or days before. A substantial number of American' submissions in this case have been both filed on the submission deadline and have been filed incorrectly, yet it has not suffered the same adverse inferences now imposed on Meadows. (Dkt. 25, 26, 31, 32, 39, 41, 48, 49).

The Report and Recommendation also incorrectly analyzes the alleged burden associated with Meadow's sought discovery. The prospect of American objecting to three depositions cannot justify the wholesale suspension of the discovery process. Such an approach would be like using a bone saw to remove a splinter. The Federal Rules of Civil Procedure provide efficient and precise methods for addressing discovery disputes so that courts are not forced to rely on complete discovery stays. Moreover, the analysis proposed by Judge Goodman incentivizes parties to raise the false specter of scorched earth discovery litigation in an effort to avoid complying with modest discovery demands. Meadows has offered to limit the disputed three depositions to three and a half hours and to have them over Zoom, rather than in person. American cannot establish that the sought discovery would be prejudicial or even inconvenient. *See Walgreen Co.*, 2024 U.S. Dist. LEXIS 72426, at *9 (S.D. Fla. Apr. 18, 2024).

## CONCLUSION

For all the foregoing reasons, Meadows respectfully request that the Court reject the Report and Recommendation and conduct a *de novo* review of American's Motion to Stay.

Dated: this 3rd day of October, 2024

Respectfully submitted,

Lawrence M. Meadows, Pro Se Plaintiff

8

1900 Sunset Harbour Dr., #2112
Miami Beach, FL 33139
Phone: 516-982-7718
lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Plaintiff, hereby certify,** that a true and correct copy of the

foregoing was served via E-mail and U.S. Mail on October 3, 2024 on all counsel or parties of

record on the Service List below.

Signature of Filer

## SERVICE LIST

**Kelly S. Wood**
O'Melveny & Myers, LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
949-823-6900
Email: kwood@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark W. Robertson**
O'Melveny & Myers, LLP
1301 Avenue of the Americas Suite 1700
New York, NY 10019
212-326-4329
Email: mrobertson@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan K. Stumphauzer**
**Matthew Mario DellaBetta**
**Timothy Kolaya**
Stumphauzer Kolaya Nadler & Sloman, PLLC
One Biscayne Tower
2 South Biscayne Boulevard
Ste 1600
Miami, FL 33131
305-614-1413
Email: mdellabetta@sknlaw.com
*ATTORNEY TO BE NOTICED*

**Counsel for Defendant - American Airlines. Inc.**

Lawrence M. Meadows, Plaintiff

10

1900 Sunset Harbour Dr., #2112
Miami Beach, FL 33139
Phone: 516-982-7718
lawrencemeadows@yahoo.com

---

### IN THE UNITED STATES DISTRICT COURT

### FLORIDA SOUTHERN DISTRICT

| | |
|---|---|
| **LAWRENCE M. MEADOWS,** | **[PROPOSED] ORDER DENYING DEFENDANT AMERICAN AIRLINES, MOTION TO STAY DISCOVERY PENDING RULING ON PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | |
| **AMERICAN AIRLINES, INC.,** | **Case No: 1:24-cv-20518-DPG** |
| a Delaware Corporation, Defendant. | **Honorable Judge Darrin. P. Gayles** |

### [PROPOSED] ORDER DENYING AMERICAN AIRLINES' MOTION TO STAY DISCOVERY PENDING RULING ON PLAINTIFF'S FIRST AMENDED COMPLAINT

THIS CAUSE, has come before the Court on Defendant American Airlines, Inc.'s Motion to Stay Discovery Pending Ruling on Motion to Dismiss First Amended Complaint.

Having considered the Motion, and being fully advised regarding the status of this matter, it is hereby **ORDERED AND ADJUDGED THAT**:

1. The Motion is **DENIED.**

2. Discovery is **NOT STAYED PENDING THIS COURT'S RULING ON MOTION TO DISMISS FIRST AMENDED COMPLAINT.**

DONE AND ORDERED in Chambers in Miami, Florida, this ____ day of October, 2024.

Hon. Darrin P. Gayles

11

United States District Judge